UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT
FILED AT WHEELING, WV

JUN - 7 2011

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | **Criminal No.**   **5:11CR17** |
| | **Violations:**   18 U.S.C. § 2 |
| DAVID L. KIDD, II, | 18 U.S.C. § 371 |
| CHRISTOPHER L. GRIGG, aka | 18 U.S.C. § 1952(a)(3) |
| "POOKS", | 18 U.S.C. § 1956(a)(1)(A)(i) |
| RICHARD ROUSH, aka "RICK", | 18 U.S.C. § 1956(h) |
| ROBYN JONES, | 18 U.S.C. § 1957 |
| JENNIFER KENNEDY, | 21 U.S.C. § 841(a)(1) |
| CRAIG VEGA, aka "INKY", | 21 U.S.C. § 841(b)(1)(C) |
| JOSH MONTGOMERY, aka "DIDDLE", | 21 U.S.C. § 841(b)(1)(D) |
| BRANDON P. McCOURT, | 21 U.S.C. § 841(b)(1)(E) |
| PETER POON, | 21 U.S.C. § 843(b) |
| GEORGANN DZIORNEY, | 21 U.S.C. § 846 |
| KRISTIN ANDERSON, | 21 U.S.C. § 853 |
| MEGAN TERLOSKY, | 21 U.S.C. § 856(a)(1) |
| ERIC TERLOSKY, | 21 U.S.C. § 860 |
| DONNA A. JONES, | |
| DAVID TERRY WOOD, II, aka "JR", | |
| FRED WILDERN, JR., aka "FAST | |
| FREDDY", | |
| HEATHER BURKEY, | |
| JENNIFER JOHNSON, aka "JJ", and | |
| RICHARD DONNELLY, aka "BUBBA", | |
| **Defendants.** | |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## COUNT ONE

(Conspiracy to Distribute Schedule II Controlled Substances)

1.      From a date uncertain but at least February, 2010, to on or about March 26, 2011, in

or near Ohio and Marshall Counties West Virginia, within the Northern Judicial District of West

Virginia, and elsewhere, defendants **DAVID L. KIDD, II, CHRISTOPHER L. GRIGG, aka "POOKS", RICHARD ROUSH, aka "RICK", ROBYN JONES, JENNIFER KENNEDY, CRAIG VEGA, aka "INKY", JOSH MONTGOMERY, aka "DIDDLE", BRANDON P. McCOURT, PETER POON, GEORGANN DZIORNEY, KRISTIN ANDERSON, MEGAN TERLOSKY, ERIC TERLOSKY, DONNA A. JONES, DAVID TERRY WOOD, II, aka "JR", FRED WILDERN, JR., aka "FAST FREDDY", HEATHER BURKEY, JENNIFER JOHNSON, aka "JJ", and RICHARD DONNELLY, aka "BUBBA",** as well as Jacob Newlen, aka "Jake" and Harry E. Tucker, Jr. named herein as an unindicted co-conspirators, did unlawfully, knowingly and willfully combine, conspire, confederate and agree and have a tacit understanding with each other and with other persons known and unknown to the Grand Jury, to commit an offense against the United States, to wit: to violate Title 21, United States Code, Section 841(a)(1). It was a purpose and object of the conspiracy knowingly, and intentionally to possess with intent to distribute and to distribute Schedule II controlled substances, including, but not limited to oxycodone and cocaine.

GOALS, MANNER AND MEANS OF THE CONSPIRACY

2.      The primary purpose of the conspiracy was to profit economically from the trafficking of Schedule II controlled substances, in the form of cocaine and prescription pills, including, but not limited to, oxycodone, throughout the Northern District of West Virginia and elsewhere through the goals, manners and means described below.

3.      It was a part of the conspiracy that the members undertook different roles and tasks, which included organizer, financier, distributor, re-distributor, "doctor shopper," and courier of pills and currency.

2

4.     It was a further part of the conspiracy that the defendants obtained the prescription pills from outside West Virginia through various means and thereafter distributed the prescription pills through local distributors in the Northern District of West Virginia, and elsewhere, deriving substantial gross receipts from their unlawful enterprise.

5.     As part of the conspiracy, some of the defendants and others began routinely traveling to Florida to obtain the prescription pills in approximately February, 2010.  These trips occurred nearly weekly and on some occasions more than once a week.  During these trips, typically three or more individuals, including **DAVID L. KIDD, II, CHRISTOPHER L. GRIGG, aka "POOKS", CRAIG VEGA, aka "INKY", GEORGANN DZIORNEY, KRISTIN ANDERSON, MEGAN TERLOSKY, DONNA A. JONES, and HEATHER BURKEY,** and others known to the Grand Jury,  would "doctor shop," going to pain clinics in Florida, claiming medical maladies and requesting and obtaining Schedule II prescription pills, mostly oxycodone.  On these trips, the "patients" would be given cash by defendant **DAVID L. KIDD, II** to pay for the clinic and prescription.  The group, during each trip, would often obtain pills from more than one clinic, typically alternating visits between Daytona Beach, Jacksonville and West Palm Beach, Florida, returning and transporting as a group between 1,000 and 3,000 Schedule II pills to the Northern District of West Virginia and eastern Ohio.  The pills were then distributed within the Northern District of West Virginia and elsewhere.

6.     Defendant **DAVID L. KIDD, II** controlled and managed the organization, with defendant **CHRISTOPHER L. GRIGG** occupying a management position.  Defendant **KIDD** exercised control over several members of the organization by supplying them housing which he paid for, paying for their travel costs on their "doctor shopping" trips, and by threats and

3

intimidation, including physical assaults.  With respect to some of the couriers, defendant **DAVID L. KIDD, II** kept control of the MRI results the couriers used to obtain the pills from the clinics.

7.      As the conspiracy continued, by October, 2010, members of the conspiracy began also making "pain clinic" trips to doctors in Rock Hill, South Carolina, including defendants **DAVID L. KIDD, II, CHRISTOPHER L. GRIGG, aka "POOKS", CRAIG VEGA, aka "INKY", MEGAN TERLOSKY, ERIC TERLOSKY,** and others known and unknown to the Grand Jury, obtaining Schedule II prescription pills, including oxycodone to distribute in the Northern District of West Virginia and elsewhere.

8.      Defendant **DAVID L. KIDD, II** subsequently developed separate non-doctor sources of prescription pills in or near Daytona Beach, Florida, including defendants **RICHARD ROUSH, aka "RICK", ROBYN JONES, and JENNIFER KENNEDY,** from whom he would purchase multiple hundreds or thousands of Schedule II pills, mostly oxycodone, on each trip.  **KIDD** would travel on these trips with various individuals, including defendant **CHRISTOPHER L. GRIGG, aka "POOKS",** returning to the Northern District of West Virginia and eastern Ohio and redistributing the pills in the Northern District of West Virginia and elsewhere.

9.      As part of the conspiracy, defendants and others, distributed at least 100,000 Schedule II pills with an illegal street value in excess of $3,000,000.

## OVERT ACTS

10.     In furtherance of the conspiracy, following are some of the overt acts committed by defendants:

a)      On or about May 6, 2010, defendant **DAVID L. KIDD, II** distributed six (6) oxycodone 30 mg pills to a confidential informant for $150.00 on Wheeling Island in Wheeling,

West Virginia.

      b)      On or about May 22, 2010, a confidential informant made a controlled purchase of twelve (12) oxycodone 30 mg pills from defendant **DAVID L. KIDD, II** for $300.00 on Wheeling Island in Wheeling, West Virginia.

      c)      On or about July 26, 2010, **JOSH MONTGOMERY, aka "DIDDLE"**, distributed two oxycodone 30 mg pills to a confidential informant for $60 in Moundsville, West Virginia.

      d)      On or about September 7, 2010, defendants **MEGAN TERLOSKY and DAVID L. KIDD, II,** each rented vehicles from Enterprise in Wheeling, West Virginia, for the purpose of traveling out of state to obtain Schedule II pills for redistribution.  Accompanying them on the trips for the purpose of "doctor shopping" were at least defendants **CHRISTOPHER L. GRIGG, aka "POOKS", CRAIG VEGA, aka "INKY", GEORGANN DZIORNEY, and DONNA A. JONES,** and others known to the Grand Jury.

      e)      In the Summer of 2010, defendant **DAVID L. KIDD,  II** began "fronting" pills to an individual in Moundsville, West Virginia, usually in increments of at least 120 Percocet 15 mg or 60 Percocet 30 mg more than once a week.  When defendant **DAVID L. KIDD, II** could not deliver the pills, he would direct defendant **CHRISTOPHER L. GRIGG, aka "POOKS"** to do so and collect the money owed from the individual.  In mid-September, 2010, the individual owed defendant **DAVID L. KIDD, II** approximately $2,500.00 for previously fronted Percocets.  In a recorded telephone call, the individual advised defendant **DAVID L. KIDD, II** that he had $2,300.00 of the drug debt and requested additional pills.  **KIDD** directed the individual to pay **GRIGG** the money owed and said **GRIGG** would provide him the additional pills.  The individual met **GRIGG**

at a Moundsville residence under the control of **KIDD** and after paying **GRIGG** the money owed

**KIDD**, **GRIGG** provided the individual with sixty (60) Percocet 15 mg.

f)   On or about September 26, 2010, defendant **CRAIG VEGA, aka "INKY",**

**MEGAN TERLOSKY, and ERIC TERLOSKY** traveled from the Northern District of West

Virginia to South Carolina, where they obtained Schedule II prescription pills, including oxycodone,

for redistribution in the Northern District of West Virginia, which were seized from them in a traffic

stop in New Martinsville, West Virginia.

g)   On or about February 24, 2011, a confidential informant purchased forty-five

(45) oxycodone 30 mg pills from defendant **CHRISTOPHER L. GRIGG, aka "POOKS"** for

$1,000.00, on Wheeling Island in Wheeling, West Virginia.

h)   On or about March 22, 2011, a confidential informant arranged to purchase

forty-five  (45) oxycodone 30 mg pills from defendant **CHRISTOPHER L. GRIGG, aka**

**"POOKS"** for $1,000.00. The confidential informant met **GRIGG** on Wheeling Island, purchasing

forty-five (45) pills from **GRIGG** for $1,000.00.  Of the purchased drug evidence, thirty-five (35)

pills were oxycodone and ten (10) pills were discovered to be counterfeit.

i)   On or about March 24, 2011, defendant **CHRISTOPHER L. GRIGG, aka**

**"POOKS"** provided to unindicted co-conspirator Jacob Newlen in Moundsville, West Virginia,

$3,700.00 of prescription pills, including oxycodone (Percocets).  A confidential informant later

purchased some of the oxycodone from Newlen on March 25, 2011.

j)   On or about March 23, 2011, defendant **DAVID L. KIDD, II** flew to Florida

with $70,000.00 in United States currency to obtain prescription pills. On or about March 24, 2011,

**KIDD** telephoned defendant **CHRISTOPHER L. GRIGG, aka "POOKS"** advising him to travel

to **KIDD's** residence, located in Martins Ferry, Ohio, access a safe and bring an additional $30,000.00 in United States currency to Florida to obtain more prescription narcotics. **GRIGG** obtained the funds and flew to Orlando, Florida, on or about March 24, 2011.

       k)     On or about March 25, 2011, in or near Volusia County, Florida, defendant **CHRISTOPHER L. GRIGG, aka "POOKS"** was driving with defendant **DAVID L. KIDD, II** as a passenger, in a rental vehicle rented by **KIDD** when a traffic stop of the vehicle was performed and approximately 6,800 prescription pills were discovered, including more than 6,500 pills which were identified as Schedule II narcotics containing oxycodone, and approximately $13,500.00 in United States currency.

       l)     On or about March 26, 2011, defendant **JENNIFER JOHNSON aka "JJ"** possessed sixteen Schedule II oxycodone pills and $1,171 in United States currency, outside of her and defendant **KIDD's** Martins Ferry, Ohio residence.

       m)     On or about March 26, 2011, defendant **CHRISTOPHER L. GRIGG, aka "POOKS"** possessed, in his Bridgeport, Ohio, residence, approximately 1,000 pills provided to him by defendant **DAVID L. KIDD, II**, including approximately 270 Schedule II oxycodone pills, as well as six firearms and $2,908.25 in United States currency.

       n)     On or about March 26, 2011, defendant **DAVID L. KIDD, II** possessed, in his Martins Ferry, Ohio, residence, approximately 2,400 prescription pills, including more than 1,500 Schedule II oxycodone pills, as well as a firearm and $43,834.00 in United States currency.

ALL IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTIONS 846 and 841(b)(1)(C).

## COUNT TWO

(Conspiracy to Engage in Interstate Travel in Aid of a Racketeering Enterprise)

1.     Beginning from at least February, 2010, the exact date being unknown to the Grand Jury, to on or about March 25, 2011, within the Northern District of West Virginia and elsewhere, defendants **DAVID L. KIDD, II, CHRISTOPHER L. GRIGG, aka "POOKS", CRAIG VEGA, aka "INKY", GEORGANN DZIORNEY, KRISTIN ANDERSON, MEGAN TERLOSKY, ERIC TERLOSKY, DONNA A. JONES, and HEATHER BURKEY,** did unlawfully, knowingly and willfully combine, conspire, confederate and agree and have a tacit understanding with each other and with other persons known and unknown to the Grand Jury to commit offenses in violation of Title 18, United States Code, Section 1952(a)(3), that is, to travel in interstate commerce between the Northern District of West Virginia and eastern Ohio to at or near Jacksonville, Daytona Beach and West Palm Beach, Florida and, Rock Hill, South Carolina, and elsewhere with the intent to promote, manage, establish and carry on an unlawful activity, that is, the conspiracy to possess with intent to distribute and the distribution of Schedule II controlled substances, including oxycodone, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and thereafter, defendants **DAVID L. KIDD, II, CHRISTOPHER L. GRIGG, aka "POOKS", CRAIG VEGA, aka "INKY", GEORGANN DZIORNEY, KRISTIN ANDERSON, MEGAN TERLOSKY, ERIC TERLOSKY, DONNA A. JONES, and HEATHER BURKEY,** and others did perform and attempt to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of said unlawful activity.

2.     In furtherance of the conspiracy, the defendants committed overt acts in the Northern District of West Virginia, and elsewhere, including, but not limited to, the following:

8

a)      As part of the conspiracy, defendants, and others, began routinely traveling to Florida to obtain the prescription pills.  These trips occurred nearly weekly and on some occasions, more than once a week.  During these trips, typically four or more individuals, including at least one of the defendants, **DAVID L. KIDD, II, CHRISTOPHER L. GRIGG, aka "POOKS", CRAIG VEGA, aka "INKY", GEORGANN DZIORNEY, KRISTIN ANDERSON, MEGAN TERLOSKY, ERIC TERLOSKY, DONNA A. JONES, and HEATHER BURKEY,** would "doctor shop," going to pain clinics in Florida and South Carolina, claiming medical maladies and requesting and obtaining Schedule II prescription pills, mostly oxycodone.  On these trips, the "patients" would be given cash by defendant **DAVID L. KIDD, II** to pay for the clinic and prescription.  The group, during each trip, would obtain pills from more than one clinic, typically alternating visits between Daytona Beach, Jacksonville and West Palm Beach, Florida, and Rock Hill, South Carolina, returning and transporting as a group, between 1,000 and 3,000 Schedule II pills to the Northern District of West Virginia and eastern Ohio.  The pills were then distributed within the Northern District of West Virginia and elsewhere.

b)      On some of the trips mentioned in the preceding paragraph, defendants **DAVID L. KIDD, II, MEGAN TERLOSKY, and HEATHER BURKEY** rented and traveled in vehicles rented from Enterprise in Wheeling, West Virginia, including, but not limited to trips on or about August 9, 2010; September 7, 2010; and, September 17, 2010.

c)      On or about March 24, 2011, defendant **CHRISTOPHER L. GRIGG** traveled from his residence in Bridgeport, Ohio, and provided to unindicted co-conspirator Jacob Newlen in Moundsville, West Virginia, $3,700.00 of prescription pills, including oxycodone (Percocets).  A confidential informant on March 25, 2011, purchased some of these pills from

Newlen.

      d)      On or about March 23, 2011, defendant **DAVID L. KIDD, II** flew to Florida with $70,000.00 in United States currency to obtain prescription pills.  On or about March 24, 2011, **KIDD** telephoned defendant **CHRISTOPHER L. GRIGG, aka "POOKS"** advising him to travel to **KIDD's** residence, located in Martins Ferry, Ohio, access a safe and bring an additional $30,000.00 in United States currency to Florida to obtain more prescription narcotics.  **GRIGG** obtained the funds and flew to Orlando, Florida, on or about March 24, 2011, which **KIDD** used to purchase approximately 6,800 pills, including approximately 6,500 Schedule II pills containing oxycodone.

ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 371.

## COUNT THREE

(Conspiracy to Launder Monetary Instruments)

1.      Between in or about at least February, 2010, and on or about April, 2011, at or near Wheeling, Ohio County, and Moundsville, Marshall County, West Virginia, within the Northern Judicial District of West Virginia, and elsewhere, the defendants **DAVID L. KIDD, II, CHRISTOPHER L. GRIGG, aka "POOKS", RICHARD ROUSH, aka "RICK", JENNIFER KENNEDY, MEGAN TERLOSKY, DONNA A. JONES, HEATHER BURKEY, JENNIFER JOHNSON, aka "JJ", and RICHARD DONNELLY, aka "BUBBA",** did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to conduct unlawful financial transactions involving proceeds of specified unlawful activity, specifically, a conspiracy to possess with intent to distribute and the distribution of a Schedule II controlled substance, including oxycodone and cocaine.

2. It was part of the conspiracy the defendants named in Count Three, Paragraph 1, would knowingly engage in such financial transactions to promote the carrying on of said specified unlawful activity and to conceal and disguise the nature, the location, the source, the ownership, and the control of proceeds of specified unlawful activity.

3. It was a further part of the conspiracy the defendants named in Count Three, Paragraph 1, would knowingly engage in financial transactions, alleged herein as overt acts, which transactions involved the proceeds of the illegal possession with the intent to distribute and the illegal distribution of Schedule II controlled substances.

In furtherance of the conspiracy and to achieve the objects thereof, in the Northern District of West Virginia and elsewhere, the defendants and their co-conspirators committed and caused to

be committed any overt act, including:

OVERT ACTS

a)      On or about April 4, 2010, defendant **DAVID L. KIDD, II,** purchased $15,540 in gambling chips from the Wheeling Island Casino, in Wheeling, West Virginia.

b)      From on or about March 15, 2010 to May 10, 2010, an employee of the Wheeling Island Casino, defendant **RICHARD DONNELLY, aka "BUBBA",** provided to defendant **DAVID L. KIDD, II** and others "complimentary" rooms to which they were not entitled in exchange for personal cash payment and drugs.

c)      On or about July 10, 2010, defendant **DAVID L. KIDD, II** purchased $11,800 in gambling chips from the Wheeling Island Casino, in Wheeling, West Virginia.

d)      On or about August 9, 2010, defendant **HEATHER BURKEY** paid $430.72 to Enterprise of Wheeling, West Virginia, to rent a vehicle.

e)      On or about September 7, 2010, defendant **MEGAN TERLOSKY** paid $336.48 to Enterprise of Wheeling, West Virginia, to rent a vehicle.

f)      On or about September 7, 2010, defendant **DAVID L. KIDD, II** paid $634.39 to Enterprise of Wheeling, West Virginia, to rent a vehicle.

g)      On or about September 17, 2010, defendant **MEGAN TERLOSKY** paid $267.01 to Enterprise of Wheeling, West Virginia, to rent a vehicle.

h)      On or about October 13, 2010, defendant **DAVID L. KIDD, II** caused a person known to the Grand Jury to exchange fifty-five $20 bills into $100 bills at Wheeling Island Casino.

12

i)      On or about December 10, 2010, defendant **DAVID L. KIDD, II** wire transferred via Western Union $500 from Martins Ferry, Ohio to Reno, Nevada to defendant **DONNA A. JONES**.

j)      On or about January 17, 2011, defendant **DAVID L. KIDD, II** purchased a residence at 717 Elm Street, Martins Ferry, Ohio for $36,500.

k)      On or about January 18, 2011, defendant **DAVID L. KIDD, II** wire transferred via Western Union $1,800 to Fort Lauderdale, Florida, to a relative of defendant **RICHARD ROUSH AKA "RICK"**.

l)      On or about February 24, 2011, **CHRISTOPHER L. GRIGG, aka "POOKS"** exchanged small bills to $100 bills, which he used to play slot machines at the Wheeling Island Casino for a minimum amount of time and then cashed out.

m)      On or about February 24, 2011, defendant **CHRISTOPHER L. GRIGG, aka "POOKS"** wire transferred via Western Union $1,500 to defendant **JENNIFER KENNEDY**.

n)      On or about March 7, 2011, defendant **JENNIFER JOHNSON, aka "JJ"**, purchased a 2005 Chevrolet Equinox from Staffinlino's in Martins Ferry, Ohio, for $9,340.

IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1956(h).

## COUNT FOUR

(Engaging in Monetary Transaction in Property Derived From Specified Unlawful Activity)

On or about April 4, 2010, at or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia, defendant **DAVID L. KIDD, II** did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 derived from the specified unlawful activity, conspiracy to distribute Schedule II controlled substances, to wit" converting $15,540 in drug proceeds into gambling chips, in violation of Title 18, United States Code, Section 1957.

14

## COUNT FIVE

(Use of a Telephone to Facilitate the Distribution of Oxycodone)

On or about May 6, 2010, at or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia, defendant **DAVID L. KIDD, II**, did unlawfully, knowingly, and intentionally use a communication facility, that is, the public telephone system in committing, causing and facilitating the commission of felonies under Title 21, United States Code, Sections 841(a)(1) and 846, that is, the distribution of oxycodone, and the conspiracy to distribute oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(b).

## COUNT SIX

(Distribution of Oxycodone)

On or about May 6, 2010, at or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia, defendant **DAVID L. KIDD, II**, did unlawfully, knowingly, intentionally and without authority distribute a quantity of oxycodone, a Schedule II controlled substance, to a person known to the Grand Jury, in exchange for $150 in United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVEN

(Distribution of Cocaine)

On or about May 6, 2010, at or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia, defendant **PETER POON**, did unlawfully, knowingly, intentionally and without authority distribute a quantity of cocaine, a Schedule II controlled substance, to a person known to the Grand Jury, in exchange for $100 in United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT EIGHT

(Possession with Intent to Distribute Schedule IV Pills)

On or about May 21, 2010, at or near Moundsville, Marshall County, West Virginia, within the Northern Judicial District of West Virginia, defendant **DAVID TERRY WOOD, II, aka "JR"**, did unlawfully, knowingly, intentionally and without authority possess with intent to distribute a quantity of pills which were Schedule IV controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E).

## COUNT NINE

(Distribution of Oxycodone within 1,000 Feet of a Protected Location)

On or about May 22, 2010, at or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia, defendant **DAVID L. KIDD, II** did unlawfully, knowingly, intentionally and without authority distribute, within 1,000 feet of the real property comprising a public playground, to wit: Jensen Playground, a quantity of oxycodone, a Schedule II controlled substance, to a person known to the Grand Jury, in exchange for $300.00 in United States currency; in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)C) and 860.

## COUNT TEN

(Use of a Telephone to Facilitate the Distribution of Oxycodone)

On or about May 27, 2010, at or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia, defendant **DAVID L. KIDD, II**, did unlawfully, knowingly, and intentionally use a communication facility, that is the public telephone system in committing, causing and facilitating the commission of felonies under Title 21, United States Code, Sections 841(a)(1) and 846, that is the distribution of oxycodone, and the conspiracy to distribute oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(b).

## COUNT ELEVEN

(Possession with Intent to Distribute Marijuana)

On or about June 5, 2010, at or near Moundsville, Marshall County, West Virginia, within the Northern Judicial District of West Virginia, defendant **JOSH MONTGOMERY aka "DIDDLE",** did unlawfully, knowingly, intentionally and without authority possess with intent to distribute a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

## COUNT TWELVE

(Engaging in Monetary Transaction in Property Derived From Specified Unlawful Activity)

On or about July 10, 2010, at or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia, defendant **DAVID L. KIDD, II** did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 derived from the specified unlawful activity, conspiracy to distribute Schedule II controlled substances, to wit" converting $11,800 in drug proceeds into gambling chips, in violation of Title 18, United States Code, Section 1957.

## COUNT THIRTEEN

(Use of a Telephone to Facilitate the Distribution of Fentanyl)

On or about July 15, 2010, at or near Moundsville, Marshall County, West Virginia, within the Northern Judicial District of West Virginia, defendant **DAVID TERRY WOOD, JR, aka "JR",** did unlawfully, knowingly, and intentionally use a communication facility, that is the public telephone system in committing, causing and facilitating the commission of felonies under Title 21, United States Code, Sections 841(a)(1) and 846, that is the distribution of fentanyl, a Schedule II controlled substance, and the conspiracy to distribute a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(b).

## COUNT FOURTEEN

(Distribution of Fentanyl)

On or about July 15, 2010, at or near Moundsville, Marshall County, West Virginia, within the Northern Judicial District of West Virginia, defendant **DAVID TERRY WOOD aka "JR"**, did unlawfully, knowingly, intentionally and without authority distribute a quantity of fentanyl, a Schedule II controlled substance, to a person known to the Grand Jury, in exchange for $120 in United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIFTEEN

(Distribution of Oxycodone)

On or about July 26, 2010, at or near Moundsville, Marshall County, West Virginia, within the Northern Judicial District of West Virginia, defendant **JOSH MONTGOMERY aka "DIDDLE"**, did unlawfully, knowingly, intentionally and without authority distribute a quantity of oxycodone, a Schedule II controlled substance, to a person known to the Grand Jury, in exchange for $60 in United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIXTEEN

(Distribution of Morphine)

On or about July 27, 2010, at or near Moundsville, Marshall County, West Virginia, within the Northern Judicial District of West Virginia, defendant **DAVID TERRY WOOD aka "JR"**, did unlawfully, knowingly, intentionally and without authority distribute a quantity of morphine, a Schedule II controlled substance, to a person known to the Grand Jury, in exchange for $90 in United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVENTEEN

(Distribution of Hydrocodone)

On or about August 6, 2010, at or near Moundsville, Marshall County, West Virginia, within the Northern Judicial District of West Virginia, defendant **JOSH MONTGOMERY aka "DIDDLE"**, did unlawfully, knowingly, intentionally and without authority distribute a quantity of hydrocodone, a Schedule III controlled substance, to a person known to the Grand Jury, in exchange for $21 in United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E).

## COUNT EIGHTEEN

(Money Laundering)

1.     At all relevant times, Enterprise of Wheeling, Ohio County, West Virginia, was a financial institution within the meaning of 18 U.S.C. § 1956 and 31 U.S.C. § 5312, in that Enterprise was a business affecting interstate commerce engaged in vehicle rentals.

2.     On or about August 9, 2010, at or near Wheeling, West Virginia, within the Northern District of West Virginia, defendant **HEATHER BURKEY** did knowingly and intentionally conduct  a financial transaction in and affecting interstate commerce by paying $430.72 in United States currency to rent a vehicle from Enterprise Car Rental of Wheeling, West Virginia, which currency in fact involved the proceeds of a specified unlawful activity, that is, the conspiracy to distribute Schedule II controlled substances, including oxycodone, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

3.     While conducting the aforesaid financial transaction, defendant **HEATHER BURKEY** knew the property involved in the financial transaction represented proceeds of an unlawful activity and did further conduct the financial transaction with the intent to promote the carrying on of the specified unlawful activity.

4.     All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

28

## COUNT NINETEEN

(Distribution of Oxycodone)

On or about August 26, 2010, at or near Moundsville, Marshall County, West Virginia, within the Northern Judicial District of West Virginia, defendant **JOSH MONTGOMERY aka "DIDDLE"**, did unlawfully, knowingly, intentionally and without authority distribute a quantity of oxycodone, a Schedule II controlled substance, to a person known to the Grand Jury, in exchange for $45 in United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY

(Distribution of Oxycodone)

On or about August 26, 2010, at or near Moundsville, Marshall County, West Virginia, within the Northern Judicial District of West Virginia, defendant **DAVID TERRY WOOD, II, aka "JR"** did unlawfully, knowingly, intentionally and without authority distribute a quantity of oxycodone, a Schedule II controlled substance, to a person known to the Grand Jury, in exchange for $70 in United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-ONE

(Money Laundering)

1.      At all relevant times, Enterprise of Wheeling, Ohio County, West Virginia, was a financial institution within the meaning of 18 U.S.C. § 1956 and 31 U.S.C. § 5312, in that Enterprise was a business affectng intersate commerce engaged in vehicle rentals.

2.      On or about September 7, 2010, at or near Wheeling, West Virginia, within the Northern District of West Virginia, defendant **MEGAN TERLOSKY** did knowingly and intentionally conduct a financial transaction in and affecting interstate commerce by paying $336.48 in United States currency to rent a vehicle from Enterprise Car Rental of Wheeling, West Virginia, which currency in fact involved the proceeds of a specified unlawful activity, that is, the conspiracy to distribute Schedule II controlled substances, including oxycodone, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

3.      While conducting the aforesaid financial transaction, defendant **MEGAN TERLOSKY** knew the property involved in the financial transaction represented proceeds of an unlawful activity and did further conduct the financial transaction with the intent to promote the carrying on of the specified unlawful activity.

4.      All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## COUNT TWENTY-TWO

(Money Laundering)

1.     At all relevant times, Enterprise of Wheeling, Ohio County, West Virginia, was a financial institution within the meaning of 18 U.S.C. § 1956 and 31 U.S.C. § 5312, in that Enterprise was a business affecting interstate commerce engaged in vehicle rentals.

2.     On or about September 7, 2010, at or near Wheeling, West Virginia, within the Northern District of West Virginia, defendant **DAVID L. KIDD, II** did knowingly and intentionally conduct  a financial transaction in and affecting interstate commerce by paying $634.39 in United States currency to rent a vehicle from Enterprise Car Rental of Wheeling, West Virginia, which currency in fact involved the proceeds of a specified unlawful activity, that is, the conspiracy to distribute Schedule II controlled substances, including oxycodone, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

3.     While conducting the aforesaid financial transaction, defendant **DAVID L. KIDD, II** knew the property involved in the financial transaction represented proceeds of an unlawful activity and did further conduct the financial transaction with the intent to promote the carrying on of the specified unlawful activity.

4.     All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## COUNT TWENTY-THREE

(Aiding and Abetting Interstate Travel in Aid of Racketeering)

Between on or about September 8, 2010, and September 16, 2010, at or near Ohio, County, West Virginia, within the Northern District of West Virginia and elsewhere, defendants **DAVID L. KIDD, II, CHRISTOPHER L. GRIGG, aka "POOKS", GEORGANN DZIORNEY, and DONNA A. JONES,** aided and abetted by each other and others known to the Grand Jury, traveled in interstate commerce between Florida and Wheeling, West Virginia, with the intent to promote, manage, establish, carry on and facilitate the promotion and carrying on of an unlawful activity, that is, conspiracy to distribute Schedule II controlled substances, including oxycodone, in violation of Title 21, United States Code, Sections 846, and thereafter defendants **DAVID L. KIDD, II, CHRISTOPHER L. GRIGG, aka "POOKS", GEORGANN DZIORNEY, and DONNA A. JONES,** performed and attempted to perform acts to promote, manage, establish, carry on and facilitate the promotion and carrying on of the aforesaid unlawful activity; in violation of Title 18, United States Code, Sections 2 and 1952(a)(3).

## COUNT TWENTY-FOUR

(Use of a Telephone to Facilitate the Distribution of Oxycodone)

On or about September 13, 2010, at or near Moundsville, Marshall County, West Virginia, within the Northern Judicial District of West Virginia, defendant **DAVID L. KIDD, II** did unlawfully, knowingly, intentionally use a communication facility, that is the public telephone system in committing, causing and facilitating the commission of felonies under Title 21, United States Code, Sections 841(1)(1) and 846, that is the distribution of oxycodone, and the conspiracy to distribute Schedule II controlled substances, in violation of Title 21, United States Code, Section 843(b).

34

## COUNT TWENTY-FIVE

(Aiding and Abetting in the Distribution of Oxycodone)

On or about September 13, 2010, at or near Moundsville, Marshall County, West Virginia, within the Northern Judicial District of West Virginia, defendants **DAVID L. KIDD, II and CHRISTOPHER L. GRIGG, aka "POOKS",** aided and abetted by each other, did unlawfully, knowingly, intentionally and without authority distribute approximately sixty (60) oxycodone pills, a Schedule II controlled substance, to a person known to the Grand Jury; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TWENTY-SIX

(Money Laundering)

1.     At all relevant times, Enterprise of Wheeling, Ohio County, West Virginia, was a financial institution within the meaning of 18 U.S.C. § 1956 and 31 U.S.C. § 5312, in that Enterprise was a business affecting interstate commerce engaged in vehicle rentals.

2.     On or about September 17, 2010, at or near Wheeling, West Virginia, within the Northern District of West Virginia, defendant **MEGAN TERLOSKY** did knowingly and intentionally conduct a financial transaction in and affecting interstate commerce by paying $267.01 in United States currency to rent a vehicle from Enterprise Car Rental of Wheeling, West Virginia, which currency in fact involved the proceeds of a specified unlawful activity, that is, the conspiracy to distribute Schedule II controlled substances, including oxycodone, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

3.     While conducting the aforesaid financial transaction, defendant **MEGAN TERLOSKY** knew the property involved in the financial transaction represented proceeds of an unlawful activity and did further conduct the financial transaction with the intent to promote the carrying on of the specified unlawful activity.

4.     All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## COUNT TWENTY-SEVEN

(Aiding and Abetting Interstate Travel in Aid of Racketeering)

On or about September 25, 2010, at or near Marshall County, West Virginia, within the Northern District of West Virginia and elsewhere, defendants **CRAIG VEGA, aka "INKY", MEGAN TERLOSKY and ERIC TERLOSKY**, aided and abetted by each other, traveled in interstate commerce between Rock Hill, South Carolina, and Moundsville, West Virginia, with the intent to promote, manage, establish, carry on and facilitate the promotion and carrying on of an unlawful activity, that is, conspiracy to distribute Schedule II controlled substances, including oxycodone, in violation of Title 21, United States Code, Sections 846, and thereafter defendants **CRAIG VEGA, aka "INKY", MEGAN TERLOSKY and ERIC TERLOSKY** performed and attempted to perform acts to promote, manage, establish, carry on and facilitate the promotion and carrying on of the aforesaid unlawful activity; in violation of Title 18, United States Code, Sections 2 and 1952(a)(3).

37

## COUNT TWENTY-EIGHT

(Aiding and Abetting the Possession with Intent to Distribute Oxycodone)

On or about September 26, 2010, at or near New Martinsville, Wetzel County, West Virginia, within the Northern Judicial District of West Virginia, defendants **CRAIG VEGA, aka "INKY", MEGAN TERLOSKY and ERIC TERLOSKY**, aided and abetted by each other, did unlawfully, knowingly, intentionally and without authority possess with intent to distribute a quantity of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TWENTY -NINE

(Distribution of Marijuana)

On or about January 25, 2011, at or near Moundsville, Marshall County, West Virginia, within the Northern Judicial District of West Virginia, defendant **JOSH MONTGOMERY, aka "DIDDLE"** did unlawfully, knowingly, intentionally and without authority distribute a quantity of marijuana, a Schedule I controlled substance, to a person known to the Grand Jury, in exchange for $25 in United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

## **COUNT THIRTY**

(Distribution of Oxycodone)

On or about February 24, 2011, at or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia, defendant **CHRISTOPHER L. GRIGG** did unlawfully, knowingly, intentionally and without authority distribute approximately forty-five (45) oxycodone pills, a Schedule II controlled substance, to a person known to the Grand Jury, in exchange for $1,000.00 in United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT THIRTY-ONE

(Distribution of Oxycodone)

On or about March 22, 2011, at or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia, defendant **CHRISTOPHER L. GRIGG, aka "POOKS"** did unlawfully, knowingly, intentionally and without authority distribute a quantity of oxycodone, a Schedule II controlled substance, to a person known to the Grand Jury, in exchange for $1,000 in United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT THIRTY-TWO

(Maintaining a Drug-Involved Premise)

From on or about May, 2010, to on or about March 25, 2011,  within the Northern Judicial District of West Virginia, defendant **DAVID TERRY WOOD, II, aka "JR"**, an owner, lessee and agent of a building, room and enclosure, to wit: a residence in Moundsville, Marshall County, West Virginia, did knowingly and unlawfully open, lease, rent, use, and maintain said place, whether permanently or temporarily, for the purpose of unlawfully distributing and using Schedule II controlled substances, in violation of Title 21, United States Code, Section 856(a)(1).

## FORFEITURE ALLEGATION

1.      Pursuant to Title 21 U.S.C. § 853, upon conviction of any defendant of the alleged Controlled Substance Act offense, it is the intention of the United States to seek at sentencing the forfeiture of any property that was used, or intended to be used, to commit or to facilitate the commission of such offense, and any property, real or personal, that constitutes or was derived from proceeds traceable to such offense, including, but not limited to: 1)  $43,834 in United States currency and a firearm, i.e. Harrington Richardson 32 S&W CTGE, Serial No. 404631, seized from a search of defendant **DAVID L. KIDD's** residence in Martins Ferry, Ohio, on March 26, 2011; 2) $2,907.65 in United States currency and six (6) firearms, i.e. Rossi shotgun 12 gauge, serial # S1212305; Mossberg rifle, Model 1500, 30.06, serial # M015835; Remington shotgun, Model 870, 12 gauge, serial # V816763V; Mossberg shotgun, Model 500A, 12 gauge, serial # P443087; Hi-Point rifle, Model 995, 9mm, A52373; Smith & Wesson revolver, .380 Bodyguard, serial # EAK4036 seized from defendant **CHRISTOPHER L. GRIGG, aka "POOKS"'s** residence in Bridgeport, Ohio, on March 26, 2011; 3)  $13,502 in United States currency seized from defendants **DAVID L. KIDD, II and CHRISTOPHER L. GRIGG, aka "POOKS"** during a traffic stop in Volusia County, Florida, on March 25, 2011; 4)  $1,171 in United States currency seized from defendant **JENNIFER JOHNSON, aka "JJ"** in Martins Ferry, Ohio, on March 26, 2011; 5) $2,110 in United States currency seized from defendants **CRAIG VEGA, aka "INKY", MEGAN TERLOSKY, and ERIC TERLOSKY**; 6) the residence owned by defendant **DAVID L. KIDD, II** at 717 Elm Street, Martins Ferry, Ohio; 7) the residence owned by defendant **DAVID TERRY WOOD, II,** aka "JR" at 1334 Ruby Street, Moundsville, WV; 8) 2008 Honda Ridgeline owned by defendant **DAVID L. KIDD, II,** serial # 2HJYK16248H539929; 9) 2005 Chevrolet Equinox titled in the name of

defendant **JENNIFER JOHNSON, aka "JJ"**; 10) Compaq Presario laptop computer, Model #A921NR, Notebook PC, Serial #CDN81409J2, seized from defendants **DAVID L. KIDD, II**, and **CHRISTOPHER L. GRIGG, aka "POOKS** on March 25, 2011, in Volusia County, Florida; 11) a money judgment in the amount of at least $3,000,000.

2.     If any forfeitable property, as a result of any act or omission of a convicted defendant (a)  cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c)  has been placed beyond the jurisdiction of the court; (d)  has been substantially diminished in value; or (e)  has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek the forfeiture of any  property owned by such defendant up to the value of the forfeitable property.

A true bill,

/s/_____
Grand Jury Foreperson
(Signature on File)

_____/s/_____
WILLIAM J. IHLENFELD, II
United States Attorney

44