


RECEIVED
APR 2 0 2012
Federal Public Defender
Northern District of WV

U. S. DEPARTMENT OF JUSTICE

WILLIAM J. IHLENFELD, II
*United States Attorney*
*Northern District of West Virginia*

| | |
|---|---|
| 1125 Chapline Street | Phone:  (304) 234-0100 |
| P.O. Box 591 | Fax:      (304) 234-0111 |
| Wheeling, WV 26003 | |

April 20, 2012

**U.S. DISTRICT COURT
FILED AT WHEELING, WV**

**MAY 2 4 2012**

**NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK**

Brendan S. Leary, Esq.
1125 Chapline Street, Rm. 208
Wheeling, WV 26003

> In re:   United States v. David L. Kidd, II
>              Criminal No: 5:11CR17 and 5:12CR 14

Dear Mr. Leary:

This will confirm conversations with you concerning your client, David L. Kidd, II (hereinafter referred to as Mr. Kidd).

All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended, which are advisory to the Court.

It is agreed between the United States and your client as follows:

1.      As to the Second Superseding Indictment, Criminal No: 5:11CR17, Mr. Kidd will plea guilty to Count One, conspiracy to distribute Schedule II controlled substances, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C), and to Count Three, conspiracy to launder monetary instruments, in violation of Title 18, United States Code, Section 1956(h). In addition, Mr. Kidd will plea guilty to Count One, contempt of Court, in violation of Title 18, United States Code, Section § 401(3) of the attached Information. As to the Information, he waives the right to have this charge presented to a Grand Jury. He further agrees to admit to the Forfeiture Allegation as more fully set forth in paragraph 3 hereinafter.

_____
David L. Kidd, II, Defendant

_____
Date Signed

24 APR 12

_____
Brendan S. Leary, Esq.
Counsel for Mr. Kidd

_____
Date Signed

4-24-12

Page 2

2.      As to the Second Superseding Indictment for Count One, the maximum penalty to which Mr. Kidd will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above, is imprisonment for a period of not more than twenty (20) years, a fine of $1,000,000, a term of at least three (3) years supervised release and a mandatory special assessment of $100 (18 USC 3013), and for  Count Three, the maximum penalty to which Mr. Kidd will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above, is imprisonment for a period of not more than twenty (20) years, a fine of $500,000, a term of two (2) to three (3) years supervised released and a mandatory special assessment of $100 (18 USC 3013). As for Count One of the Information, the maximum penalty is six (6) months and a fine of $10,000, and a mandatory special assessment of $25. (18 U.S.C.  3013).

The total penalties is imprisonment for a period of up to forty (40) years and six (6) months, a fine of up to $1,501,000, a term of at least three (3) years supervised release and a mandatory special assessment of $250. (18 USC 3013) which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court.  It is also understood that Mr. Kidd might be required by the Court to pay the costs of his incarceration.

3.      The defendant agrees to forfeit to the United States either administratively or judicially, at the United States' discretion, any and all of his interests in the following property, which he stipulates is property constituting, or derived from, proceeds obtained directly or indirectly from the defendant's violation of the Controlled Substances Act offense of conviction, specifically:

a)      $43,834 in United States currency, and,
b)      Harrington Richardson 32 Smith & Wesson (CTGE, serial # 404631,

Items (a) and (b) were seized from defendants residence in Martins Ferry, Ohio, on March 26, 2011.

c)      $13,502 in United States currency and a Compaq Presario laptop computer, Model # A921NR seized from defendant and co-defendant, Christopher Grigg, on March 26, 2011, in Volusia County, Florida.


_____          _____
David L. Kidd, II, Defendant                             Date Signed


_____          _____
Brendan S. Leary, Esq.                                      Date Signed
Counsel for Mr. Kidd

Page 3

d) $1,171 in United States currency seized from co-defendant Jennifer Johnson at defendant's residence in Martins Ferry, Ohio, on Marc 26, 2011;

e) 2008 Honda Ridgeliner, vin 2HJYK16248H539929;

f) $5,303.25 in United States currency seized from defendant in Oklahoma on or about October 20, 2011;

g) A SVA HP Pavilion computer, serial # 00146-523-995-607, seized from defendant's residence on or about October 8, 2011;

h) 1997 Lincoln Town Car, vin 1LNLM81W2UY723307; and

i) A HP Pavilion g6-1b60US Notebook PC laptop computer seized from defendant's Lincoln Town Car on or about October 20, 2011, in Oklahoma.

j) $2,908.65 in United States currency seized from co-defendant Christopher Grigg's residence in Bridgeport, Ohio, on March 26, 2011.

Defendant further agrees to abandon to the Ohio Valley Drug Task Force any and all other items listed on the search warrant return for his residence and the other residences under his control for destruction or disposition.

In addition to the above specific forfeitures and abandonment, defendant further agrees to cooperate with the Office of the United States Attorney and any law enforcement officer working with the United States Attorney's Office by (i) meeting with them and divulging to them the activities and financial condition of the defendant and his co-conspirators; (ii) signing statements under oath memorializing the financial information provided by the defendant; (iii) signing documents authorizing the United States Attorney's Office to obtain financial information concerning the defendant's financial condition, including credit reports, from any source including credit reporting agencies. As to any asset identified by such investigation or by the defendant himself, as property constituting or derived from proceeds obtained directly or indirectly of the defendant's criminal activity or used to facilitate the activity, defendant agrees to forfeit that property.


_____
David L. Kidd, II, Defendant

_____
24 APR 12
Date Signed


_____
Brendan S. Leary, Esq.
Counsel for Mr. Kidd

_____
4-24-12
Date Signed

Page 4

4.      Mr. Kidd will be completely forthright and truthful with Federal officials in the Northern District of West Virginia with regard to all inquiries made of him and will give signed, sworn statements and Grand Jury and trial testimony relative thereto. Mr. Kidd will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

5.      The defendant has been advised and understands that the United States Sentencing Guidelines are now advisory and no longer mandatory.  It is therefore understood that while the Court will consider the advisory guideline level, it may impose a sentence below or above the advisory guideline range, so long as that sentence is within the statutory maximum.

6.      Nothing contained in any statement or any testimony given by Mr. Kidd, pursuant to paragraph 4, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Mr. Kidd in compliance with this cooperation agreement will be made known to the sentencing Court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Kidd's advisory guideline range.  However, this agreement does not prevent Mr. Kidd from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.  In addition, nothing contained in this agreement shall prevent the United States from prosecuting Mr. Kidd for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 4 above.

The provisions of this paragraph do not impact the terms of paragraph 3 above, and the right of the United States to seize property and assets even if identified by defendant pursuant to any statements or testimony pursuant to this agreement

_____
David L. Kidd, II, Defendant

_____
24 APR 12
Date Signed

_____
Brendan S. Leary, Esq.
Counsel for Mr. Kidd

_____
4-24-12
Date Signed

Page 5

7.      At final disposition, the United States will advise the Court of Mr. Kidd's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. The United States will also recommend that the remaining counts of the Superseding Indictment be dismissed as to him.

8.      There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Mr. Kidd's counsel as to what the final disposition in this matter should and will be.   This agreement includes **nonbinding** recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, the defendant understands that the Court is **not** bound by these sentence recommendations, and that the defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

9.      Provided the defendant pays the $300 special assessment fee on or before the day of sentencing, and provided the United States Probation Office recommends, the United States will make the following **nonbinding** recommendations:  1) if, in the opinion of the United States Attorney's Office, the defendant accepts responsibility, and the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation as set forth in paragraph 11; 2) should the defendant give timely and complete information about his own involvement and provide timely notice of his intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this agreement, the United States will recommend an additional one level reduction. In order to be eligible for this additional one level reduction, defendant must execute the plea agreement on or before April 30, 2012, and return an executed copy to the United States by that day; and 3) the United States will recommend that any sentence of incarceration imposed should be at the lower end of the advisory guideline range.

_____          _____
David L. Kidd, II, Defendant                        Date Signed

_____          _____
Brendan S. Leary, Esq.                                 Date Signed
Counsel for Mr. Kidd

Page 6

10.     If in the opinion of the United States, the defendant either engages in conduct defined under the Application Notes 4(a) through (k) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of this plea agreement including a complete truthful debriefing, then the United States will not be bound to make the foregoing recommendations, and the defendant will not have the right to withdraw the plea.

11.     Pursuant to Sections 6B1.4, 1B1.3, and 2D1.1 [Application Note 12] of the Guidelines, as to Count One, the parties hereby stipulate and agree that the total drug relevant conduct of the defendant is between 2,800 and 4,475 grams of actual oxycodone (approximately 100,000 to 150,000 pills). The parties further agree that a three level enhancement for his role in the offense pursuant to U.S.S.G. § 3B1.1 and a two level enhancement pursuant to U.S.S.G. § 3C1.1 are appropriate.  As for whether a two level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm is appropriate, the parties agree that is left to the Court. The parties further agree that the money laundering activity involved the specified unlawful activity charged in Count One, but as to defendant did not involve sophisticated means.  The United States agrees to recommend a reduction for acceptance of responsibility even though he fled, since he is pleading to the contempt charge for that flight.   The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulations, and if not accepted by the Court, Mr. Kidd will not have the right to withdraw his plea of guilty. While defendant agrees to the above stipulation, and their utilization in arriving at an advisory guideline range, he preserves his right to argue for a sentence below the advisory range. Defendant does waive any rights he may have pursuant to the *Blakely* and *Booker* progeny of cases, and agrees that the Court will make factual determinations for sentencing, including any enhancements and relevant conduct for determining an advisory guideline range by a preponderance of the evidence standard.

_____
David L. Kidd, II, Defendant

_____
24 APR 12
Date Signed

_____
Brendan S. Leary, Esq.
Counsel for Mr. Kidd

_____
4-24-12
Date Signed

Page 6

12.    Mr. Kidd is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, if the Court finds that the total advisory guideline is level 38 or less than the defendant knowingly and voluntarily waives the right to appeal his sentence or the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus), where the sentence is based upon a level 38 or less. In exchange for defendant's waiver, the United States waives its right to appeal the sentence, at a total offense level of 38. In the event that there would be an appeal however, each party reserves the right to argue in support of the sentence.

13.    The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including Mr. Kidd's background, criminal record, offense charged in the superseding indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made to the Court, by Mr. Kidd or his counsel.

14.    If the defendant's plea is not accepted by the Court or is later set aside or if the defendant breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement.


_____
David L. Kidd, II, Defendant

_____
24 APR 12
Date Signed


_____
Brendan S. Leary, Esq.
Counsel for Mr. Kidd

_____
4.24-12
Date Signed

Page 7

15.    The above fourteen (14) paragraphs constitute the entire agreement between Mr. Kidd and the United States of America in this matter.  There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Very truly yours,

WILLIAM J. IHLENFELD, II
United States Attorney

By:

John C. Parr
Assistant United States Attorney

As evidenced by my signature at the bottom of the seven pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

David L. Kidd, II, Defendant

Date Signed

Brendan S. Leary, Esq.
Counsel for Mr. Kidd

Date Signed