In The United States District Court
For The Northern District of West Virginia

FILED
OCT 23 2014
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

David Lee Kidd,
    Movant,

v.

United States of America,
    Respondent,

5:11-CR-17
5:14-CV-122

## Memorandum of Law & Supplemental Brief
## Pursuant to
## Title 28 U.S.C. §2255

NOW COMES, before this Honorable Court, Davis Lee Kidd, II, hereinafter "Kidd", pro se, with a brief in support of his previously filed Motion pursuant to Title 28 U.S.C. §2255, hereinafter "§2255". For the following reasons, Kidd humbly requests that this Honorable Court, grant any and all relief within its discretion, including but not limited to the Vacatur of his sentence, an evidentiary hearing in which to fully explore the claims, appointment of a public defender to assist at said hearing, and the rewriting and admission of a presentencing report with respect to the aforementioned hearing, as well as any other relief this Honorable Court deem both appropriate and necessary.

### Pro Se Litigant Statement

Kidd humbly requests that he be recognized as a pro se litigant, and afforded the liberties and privileges which accompany a finding of such status. This may include, the liberal construing of his pleadings. Haines v. Kerner, 404 U.S. 519 (1972); Gordon v. Leeke, 574 F.2d 1147 (4th Cir.

1978). The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999).

### Claim One: Ineffective Assistance of Counsel

An accused's right to be represented by counsel is a fundamental component of our criminal justice system. Lawyers in criminal cases "are necessities not luxuries" Gideon v. Wainwright, 372 U.S. 335 (1963). There presence is essential because they are the means through which the other rights of the person on trial are secured. "Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive for it effects his ablty to assert any other right he may have." Cronic v. United States, 466 U.S. 648 (1984).

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of Ineffective assistance of counsel warrants the reversal of his conviction. Strickland v. Washington, 466 U.S. 668 (1984). First, "the defendant must show that counsel's preformance was deficient" Id. Second, "the defendant must show that the deficient performance prejudiced the defense" Id.

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed... by the Sixth Amendment". Strickland, 466 U.S. at 687. With respect to the "prejudice" prong, the defendant must demonstrate that "counsel's error was so serious as to deprive the defendant

of a fair trial, a trial whose results are reliable" <u>Id.</u>

It is well established that this right includes certain steps before trial. The "Sixth Amendment guarantees a defendant the right to have counsel present at all critical stages of the criminal proceeding" <u>Montejo v. Louisiana,</u> 556 U.S. 778 (2009). Critical stages include arraignment, post indictment interrogations, post indictment lineups, and the entry of a guilty plea. That is because ours "is for the most part a system of pleas, not a system of trials." <u>Lafler v. Cooper,</u> 132 S.Ct. 1376 (2012). Therefore, in today's criminal justice system the negotiation of a plea bargain, rather than the unfloding of a trial, is almost always the critical point for a defendant. <u>Missouri v. Frye,</u> 132 S.Ct. 1399 (2012).

In the cas at hand, Kidd states numerous claims against his attorney's representation. First, Counsel did not investigate any of Kidds co-defendants or the officers involved in Kidds initial arrest. Even a preliminary investigation would have shown that the relationship between Kidd and Grigg relationship was more of a partnership and that Kidd was an abuser of drugs through out the entirety of the conspiracy. As will be discussed at length, an investigation into the inital arrest and the officers, would have brought about the exclusion of the narcotics discovered in Florida and all statements which followed the arrest as well as all evidence discovered pursuant to those staements.

Secondly, counsel failed to secure or retain expert services to refute the inclusion of a 2-point enhancement added to Kidd's

base offense level. At the sentencing hearing Agent Manchas testified about a firearm found at his home, but also that the firearm found was a working semi-automatic. A firearm experet for the defense would have shown that not only did the firearm not work but that it was not a semi-automatic. The expert's testimony would have been imperative in striking Agent Manchas testimony, and the removal of the 2-point enhancement.

Kidd's counsel also failed to request to cross-examine the witnesses, whos statements were used in connection with establishing the drug weight. In Crawford v. Washington, 541 U.S. 36 (2004), it was established that statements that are testimonial in nature are inadmissible unless declarant is available for confrontation and cross-examination. Kidd was also denied the right to testify at sentencing by his counsel. Kidd stated several times that it was his wish to testify about many of the subjects used for enhancements, but was unfairly denied this right by counsel. It is "the defendant who retains the ultimate authority to decide whether or not to testify." United States v. McMeans, 927 F.2d 162 (4th Cir. 1992).

Kidds final claim is attached to counsels complete failure to object to improper applications of the sentencing guidelines. As the enhacements for the firearm and leadership have already been discussed, the final improper enhancement is the 2 level increase for obstruction of justice. As a review of the sentencing hearing will show, Kidd is given a 6 month concurrent sentence for violation of the terms of his pre-trial release. This violation of pre-trial release is also used for the 2 level, obstruction of justice enhancement. Kidds attorney should have

vehemently objected to this multiple use of a pre-trial release violation, as there is a serious question as to whether or not this is an apparent case of double counting.

As the foregoing has shown there are numerous examples of counsels deficient performance trough out the proceedings. These deficiencies, whether in the form of sentencing enhancements or the lack of suppression motions, led to the significant increase in Kidds term of incarceration. "Any amount of additional jail time has Sixth Amendment significance." Glover v. United States, 531 U.S. 198 (2001). There can be no greater prejudice to a defendant than an increase in his sentence.

### Claim Two: Illegal Search and Seizure

An ordinary traffic stop is seen as "a limited seizure more like an investigation detention than a custodial arrest," the appropriate standard to determine the limits of police conduct is set out in Terry v. Ohio, 392 U.S. 1 (1968). Under Terry, an officer, who has reasonable suspicion, based on articulable facts, that an individual is engaged in criminal activity, may detain that individual for investigatory purposes. Terry, 392 U.S. at 21.

After asking whether the officer's action was "justified at its inception," Id., the court inquires whether the continued stop was "sufficiently limited in scope and duration." Florida v. Royer, 460 U.S. 491 (1983). With regards to scope, "the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." Id.

The central issue in this case is whether the warrantless search of the automobile violated Kidd's Fourth Amendment right. To establish a Fourth Amendment violation, one must first show that he had a "reasonable expectation of privacy" in the place searched. Rakas v. Illinois, 439 U.S. 128 (1978).

With respect to Terry's first prong, justification of the initial stop, the Government has failed to present any evidence of justification. There was no issuance of a ticket, warning or citation. Nor did the Government introduce video tape or audio recordings during the time leading up to and including the stop. The heart of this case, however, truly concerns the second prong of Terry, that the seizure must be limited in scope and duration. As the record indicates, the officers were making a routine traffic stop, with no note of alterior motive. If the officer seeks to prolong the stop "he must possess reasonable suspicion or receive driver's consent." United States v Digiovanni, 650 F.3d 498 (4th Cir. 2011). While not all prolongation violates the Fourth Amendment, the lengthening of a stop becomes excessive when the "totality of the circumstances surrounding the stop indicates that the duration of the stop - as a whole - including any prolongation due to suspicionless unrelated questioning - was unreasonable." Id.

As the Government has failed to make a showing of cause to prolong the traffic stop, under the exclusionary rule, since the evidence obtained were proceeds of an illegal search, all evidence collected or statements made pursuant, should be suppressed as "fruit of the poisonous tree".

### Claim Three: Due Process

The Due Process Clause of the Fifth Amendment prohibits the United States "from depriving any person of life, liberty, or property without due process of law." McNeil v. Batz, 480 F.2d 314 (4th Cir. 1973) (emphasis added). This statement is so important to, not only our system of government but our way of life as well, that our entire criminal justice system is centered on this idea. A review of all the proceedings before to this point will show a breakdown in the process, which in turn questions the reliability of the outcome, Kidds lengthy sentence.

## Conclusion

"While a criminal trial is not a game in which the participants are expected to enter the ring with a near match in skill, neither is it a sacrifice of unarmed prisoners to gladiators." Cronic, 466 U.S. at 648. This finding by the Supreme Court in 1984 is just as prevalent today as it was then. That is because "our system of the administration of justice suffers when any accused is treaty unfairly." Brady v. Maryland, 373 U.S. 83 (1963). Kidds ineffective representation through out the proceedings, from the failure to file a meritorious motion to suppress -with respect to the Florida arrest and seizure- to his failure to object to improper sentencing enhancements, has raised serious question as to not only the integrity of these proceedings, but also there reliability in it's outcome.

Wherefore, the reasons contained within, Kidd humbly requests, that this Honorable Court, grant any and all relief it deems both appropriate and necessary to investigate and establish fairness in the proceedings.

Respectfully Submitted,
David Lee Kidd.

## Certificate of Service

I, **David Lee Kidd, II**, Pro se, do hereby certify, under penalty of perjury, that I have sent a true and complete copy of the foregoing **Memorandum of Law**, on this **20th day of October, 2014**, by pre-paid first class postage and by utilizing the **"Prison Legal Mail"** System, as provided by the Federal Correctional Institution Fort Dix, to the following:

Office of The Clerk
United States District Court
U.S. Courthouse
1125 Chapline St., Rm. 208
Wheeling, WV 26003

&

AUSA John C. Parr
United States Attorneys Office
1125 Chapline St., Suite 3000
Wheeling, WV 26003

**Executed on this 20th day of October, 2014 by** _____
David Lee Kidd,
Pro se