IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID LEE KIDD, II,

      Petitioner,

v.                          Civil Action No. 5:14CV122
                          (Criminal Action No. 5:11CR17-01)
UNITED STATES OF AMERICA,            (STAMP)

      Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
OVERRULING PETITIONER'S OBJECTIONS,
DENYING AS MOOT PETITIONER'S REMAINING MOTIONS,
DENYING PETITIONER A CERTIFICATE OF APPEALABILITY
AND DISMISSING PETITIONER'S CLAIMS WITH PREJUDICE**

I.  Background[1]

The petitioner initially filed his motion under 28 U.S.C. § 2255 ("§ 2255") while proceeding pro se.[2] The record shows that he is now represented by counsel. Petitioner was initially sentenced to 240 months imprisonment after pleading guilty to the following: conspiracy to distribute Schedule II controlled substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); conspiracy to launder monetary instruments, in violation of 17 U.S.C. § 1956(h); and contempt of court, in violation of 18 U.S.C.

---

[1]All citations to the record refer to the criminal action number associated with this civil action.

[2]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

§ 402.  The petitioner timely appealed his sentence, which the United States Court of Appeals for the Fourth Circuit affirmed.

In his _pro se_ petition and supplemental memorandum at issue, the petitioner asserts eight claims.  However, the claims primarily concern an allegedly illegal search and seizure, ineffective assistance of counsel, and due process violations.  As to the ineffective assistance of counsel claim, the petitioner asserts the following: (1) that petitioner was insufficiently informed, and thus unknowingly and involuntarily entered into his plea agreement and waived his associated rights; (2) his prior counsel was ineffective during sentencing because he failed to cross-examine the government witness about the firearm enhancement then at issue; (3) that prior counsel failed to preserve the record about such issue; (4) that prior counsel ignored requests to challenge or suppress specific evidence; (5) that failing to cross-examine the government witness wrongly resulted in a two-point firearm enhancement; (6) that prior counsel failed to investigate his co-defendants and involved officers; (7) that prior counsel failed to obtain an expert witness about the firearm then at issue; (8) that prior counsel failed to cross-examine witnesses that discussed drug weights; and (9) that prior counsel failed to object to the two-level enhancement for the petitioner's contempt of court conviction.

After receiving a response from the government, to which the petitioner replied, United States Magistrate Judge James E. Seibert filed a report and recommendation. In that report and recommendation, the magistrate judge recommends that this Court deny the petitioner's motion and dismiss the civil action with prejudice. The magistrate judge first points out that the petitioner's claim regarding the allegedly illegal search and seizure was not raised on direct appeal. Because the petitioner raises that claim in his motion for the first time, such claim is waived. Moreover, the petitioner's claim that his counsel was ineffective for failing to effectively cross-examine the government witness, which allegedly resulted in a two-level firearm sentencing enhancement, was previously raised on appeal. Because that claim was raised and rejected on direct appeal, the mandate rule forecloses re-litigation of that claim. Regarding the petitioner's remaining ineffective assistance of counsel claims and due process claims, the magistrate judge found that those claims lacked merit. As to the petitioner's claim that he involuntarily and unknowingly waived his right to trial, the magistrate judge found that the petitioner not only signed each page of the plea agreement, but also testified under oath to his understanding of his plea agreement and its consequences. Further, the magistrate judge notes that the petitioner offered no evidence, other than his

conclusory allegations, to prove that his prior counsel inadequately prepared him for the plea hearing.

The magistrate judge next addressed the petitioner's claims that his prior counsel (1) failed to preserve the record regarding the firearm then at issue, (2) ignored the petitioner's request to suppress certain evidence, (3) denied the petitioner an opportunity to testify, and (4) failed to effectively cross-examine the government witness concerning the two-level firearm enhancement. The magistrate judge first points out that the petitioner's prior counsel filed objections to the presentence report. Those objections included an objection to the two-level firearm enhancement. At the petitioner's sentencing hearing, his prior counsel objected to the two-level firearm enhancement. The Court ultimately ruled in favor of applying the enhancement. The magistrate judge then notes that although the petitioner had an opportunity to explain any of the matters in mitigation of his sentence during allocution, the petitioner instead apologized for his actions and accepted responsibility. He did not dispute the government's testimony as to the firearm. The magistrate judge also found that the petitioner does not specify what evidence he sought to have suppressed, or at least what he requested his prior counsel to attempt to suppress. Therefore, the magistrate judge determined that the claims of ineffective assistance of counsel regarding the suppression of evidence, preserving the record,

denying an opportunity to testify, and ineffective cross-examination lacked merit.

As for the remaining claims, the magistrate judge found that those claims also lacked any merit. In particular, the magistrate judge determined the following: (1) that the petitioner was clearly advised and chose to waive his right to face his accusers or cross-examine them; and (2) that the petitioner was clearly advised about whether to conduct further investigation, obtain witnesses, and challenge the evidence. The magistrate judge stated that the record completely contradicted the petitioner's claims. Moreover, the magistrate judge demonstrated that the petitioner agreed to a two-level enhancement for his contempt of court conviction in his plea agreement, which he received for attempting to flee the jurisdiction. Because the contempt of court conviction was agreed to and warranted, the petitioner's prior counsel had no reason to object to that enhancement. For all of the above reasons, the magistrate judge recommends that the petitioner's motion be denied and this civil action be dismissed with prejudice.

The petitioner, who is now represented by counsel, filed objections to the report and recommendation of the magistrate judge. More specifically, he objects to only "two areas wherein the Magistrate erred in denying" his motion. Those two areas relate to the following: (1) petitioner's prior counsel was ineffective for failing to investigate and prepare for the

sentencing hearing regarding the firearm enhancement; and (2) counsel was ineffective for failing to investigate the allegedly illegal search and seizure of the petitioner's vehicle in Florida, to discuss the consequences of suppression, and to move for suppression of the resulting evidence. As to the first objection, the petitioner argues that his prior counsel neither investigated nor prepared for the firearm enhancement issue at the sentencing hearing. The petitioner does not offer specific evidence as to the lack of investigation or preparation. However, he points to the allegedly inadequate cross-examination of the government's witness as to the type of gun actually found in the petitioner's safe versus the type of gun specified in the plea agreement. Regarding the second objection, the petitioner points to the search and seizure that occurred in Florida. He contends that the search and seizure of his vehicle was illegal, and that his counsel ineffectively pursued the suppression of the evidence from that search. Because the search and seizure in Florida was illegal, any evidence derived from the Florida seizure found in West Virginia and Ohio should have been excluded under the "fruit of the poisonous tree" doctrine. Because his prior counsel failed to pursue the suppression of such evidence, the petitioner believes that he received ineffective assistance of counsel.[3]

_____

[3]It should be noted that counsel for the petitioner filed a motion for additional time to file a certification by the petitioner. That certification, which was to be labeled "Exhibit

For the reasons set forth below, the report and recommendation of the magistrate judge (ECF No. 755; Civil Action No. 5:14CV122 ECF No. 8) is AFFIRMED AND ADOPTED, and the petitioner's objections (ECF No. 768) are OVERRULED.  Further, the petitioner's motion for a briefing schedule and extension of time (ECF No. 704) and motion for extension of time to file a response or reply as to his § 2255 motion (ECF No. 708) are DENIED AS MOOT.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to findings where no objections were made, such findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

## III.  Discussion

The petitioner asserts numerous claims.  As to his objections, the petitioner objects to two findings of the magistrate judge.

---

F" was due by October 21, 2015.  However, the record shows no such filing was made.  See ECF Nos. 767 and 769.

This Court will first analyze the claims that the petitioner objects to under a <u>de novo</u> standard of review, and then review the remaining claims under a clearly erroneous standard.

A.  <u>Findings To Which Petitioner Objects</u>

   1.  <u>Ineffective Assistance of Counsel Regarding the Firearm Enhancement</u>

In the petitioner's objections, he argues that his counsel was ineffective for "failing to investigate and prepare" for the "issue of enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm."  In support of that argument, the petitioner believes that his prior counsel failed to investigate the firearm issue. Because of his prior counsel's failure to investigate the issue, he ineffectively cross-examined the government's witness.  That witness indicated that a firearm was found in the petitioner's safe, but the petitioner believes that a discrepancy existed as to the type of weapon listed under the plea agreement.  The plea agreement stated that a revolver was found in the petitioner's safe.  However, the government's witness testified to finding a semiautomatic magazine-fed handgun.  Based on the discrepancy about the type of weapon, and the allegedly ineffective pursuit of that issue by his prior counsel, the petitioner believes he should not have received the two-level firearm enhancement.

In order to prove a claim for ineffective assistance of counsel, the petitioner must satisfy the standard as set forth in

Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  The holding

in Strickland requires that the petitioner "demonstrate both that

his counsel's performance fell below the standard of objective

reasonableness and that the deficient performance was prejudicial

to his defense."  United States v. Mason, 774 F.3d 824, 828 (4th

Cir. 2014) (citing Strickland, 466 U.S. at 687-88).

Based on the record and facts, the petitioner has not

satisfied the standard under Strickland.  Here, the record shows

that the petitioner's prior counsel filed an objection to the

presentence report regarding the firearm enhancement.  ECF No. 649.

Following that objection, the petitioner's counsel extensively

cross-examined the government's witness on the issue of whether the

defendant possessed the firearm, and whether the sentencing

enhancement should apply.  Indeed, a transcript of the sentencing

shows a thorough cross-examination of the government's witness by

the petitioner's prior counsel.  Prior counsel maintained his

objection to the sentencing enhancement, stating that no evidence

sufficiently demonstrated "how long [the firearm] had been there,

how it got there, who owned the firearm, [and] who put it there."

ECF No. 670.  He also presented evidence about the firearm issue on

cross-examination, which included an affidavit filed by the

government's witness.  Id.  The fact that prior counsel decided not

to call the petitioner to testify at the sentencing hearing was a

matter of strategy.  That decision, plus the record discussed

above, fails to demonstrate that the petitioner received ineffective assistance of counsel on the issue of the firearm enhancement. Furthermore, the petitioner had an opportunity during allocution to further dispute or address the issue if he so desired. Instead, he stated that he wanted to "apologize to my children and my family that's with me today for my actions that bring us all here today," and that he "accept[ed] responsibility for [his] actions." Id. An allocution is not limited to addressing only acceptance of responsibility, and yet the petitioner did not choose to further dispute the firearm enhancement.

Whether the firearm found in the petitioner's safe was a revolver or semiautomatic handgun, the conclusion is the same. Either type of weapon is a "dangerous weapon" under U.S.S.G. § 1B1.1. That definition states that a "dangerous weapon" means "an instrument capable of inflicting death or serious bodily injury." Here, it is clear that the firearm at issue, whether a revolver or semiautomatic handgun, was capable of inflicting such harm. Furthermore, a "firearm" means "(i) any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; . . . or (iv) any destructive device." U.S.S.G. § 1B1.1 (app. note (G)). That definition clearly describes the weapon at issue, whether it be a revolver or semiautomatic handgun. The applicable enhancement then

states that "If a dangerous weapon (including a firearm) was possessed, increase by 2 levels." Id. at § 2D1.1(b)(1). Thus, whether the weapon is considered a dangerous weapon or firearm, the sentencing enhancement is clearly relevant. Based on the evidence, this Court found that the sentencing enhancement under § 2D1.1(b)(1) applied. This Court finds no reason, based on both the record and the performance of prior counsel, to modify that finding. Therefore, the petitioner's objection must be overruled.[4]

2. <u>Illegal Search and Seizure</u>

In his second objection, the petitioner argues that his counsel was ineffective by not pursuing alleged Fourth Amendment violations that occurred as to the petitioner's vehicle. That objection specifically concerns his prior counsel's failure to do the following: (1) "investigate the facts related to the illegal

---

[4]To the extent that the petitioner raised his ineffective assistance of counsel claim as to the firearm enhancement on direct appeal, that claim must also be denied under the "mandate rule." The "mandate rule" provides that the "mandate of a higher court is 'controlling as to matters within its compass.'" <u>United States v. Bell</u>, 5 F.3d 64, 66 (4th Cir. 1993) (quoting <u>Sprague v. Ticonic Nat'l Bank</u>, 307 U.S. 161, 168 (1939)). It acts to "compel compliance on remand with the dictates of a superior court and **foreclose relitigation of issues expressly or impliedly decided by the appellate court.**" <u>Bell</u>, 5 F.3d at 66 (emphasis added). Therefore, any issues raised and rejected on direct appeal are barred from further review by this Court. <u>See, e.g.</u>, <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam); <u>see also</u> <u>Herman v. United States</u>, 227 F.2d 332 (4th Cir. 1955) (per curiam). The application of the firearm enhancement was affirmed on direct appeal. ECF No. 687. Therefore, to the extent that the petitioner previously raised this claim, the mandate rule precludes relitigation of it.

11

search and seizure of the petitioner's vehicle in Florida"; (2) "advise petitioner of the ramifications of suppression"; and (3) "move to suppress the evidence seized in Florida and to challenge as fruits of the poisonous tree, evidence seized in Ohio and West Virginia." ECF No. 768.

The petitioner's objection must be overruled for two reasons. First, his claim as to the legality of the search and seizure is barred pursuant to United States v. Maybeck, 23 F.3d 888 (4th Cir. 1994) and United States v. Frady, 456 U.S. 152 (1982). Second, to the extent his objection alleges ineffective assistance of counsel, the petitioner fails to satisfy the standard under Strickland. This Court will address each reason in the order presented below.

a. Application of *Maybeck*

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show **cause and actual prejudice** resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (emphasis added) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994)). The reason behind this limitation is articulated best in United States v. Essig, in which the United States Court of Appeals

for the Third Circuit stated that "[i]f defendants could routinely raise, in a § 2255 collateral proceeding, errors in sentencing **not raised on direct appeal** which the sentencing court had not had an opportunity to correct, Congress's intent of encouraging direct appellate review of sentences under the Sentencing Guidelines would be frustrated."  10 F.3d 968, 979 (3d Cir. 1993) (emphasis added); Maybeck, 23 F.3d at 890 (quoting the same).

The record shows that the petitioner did not raise his alleged Fourth Amendment violation on direct appeal.  Rather, it appears he is raising this claim for the first time in his § 2255 motion at issue.  Therefore, the petitioner must demonstrate "both (1) 'cause' excusing his procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Maybeck, 23 F.3d at 891 (quoting Frady, U.S. at 167-68).  Here, the petitioner has demonstrated neither cause nor actual prejudice.  In his objection, the petitioner discusses the traffic stop that occurred in Florida.  However, the petitioner does not demonstrate or discuss why he failed to raise his claim on direct appeal.  Therefore, the petitioner does not comply with Frady or Maybeck, and thus, his collateral attack as to the legality of the search and seizure, and whether the "fruit of the poisonous tree" doctrine should have subsequently applied, cannot proceed under his § 2255 motion at issue.  Thus, his objection as to the legality of the search and seizure is overruled.

b.  Application of *Strickland*

To the extent that the petitioner argues that his prior counsel was ineffective in not litigating the alleged Fourth Amendment violation, such objection must also be overruled.  The petitioner must satisfy the standard as set forth in Strickland. 466 U.S. at 687-88.  That requires the petitioner to "demonstrate both that his counsel's performance fell below the standard of objective reasonableness and that the deficient performance was prejudicial to his defense."  Mason, 774 F.3d at 828 (citing Strickland, 466 U.S. at 687-88).  The petitioner recounts the search and seizure of his vehicle that occurred in Florida.  As he does so, the petitioner relies on his "indications" of events in order to demonstrate that violations occurred.  Indeed, the petitioner admits in his objections that he "failed to provide specific information."  ECF No. 768.  Other than his recollections about the traffic stop and a copy of a police report, the petitioner simply asserts that his counsel did not investigate the issue or properly explain the consequences of filing a motion to suppress.  It should be noted, however, that this Court asked the petitioner whether he believed that his attorney "adequately and effectively represented" him throughout all the matters in his criminal proceedings.  The petitioner, under oath, answered, "Yes, sir."  ECF No. 669.  The petitioner also answered "Yes, sir" to the following question:  "And do you understand also that if you went

14

to trial . . . [petitioner's prior counsel] **could move to suppress**
**any evidence** that he felt had been improperly obtained against you?
Do you understand that, sir?" Id. (emphasis added). Moreover, the
petitioner's prior counsel stated that he met with the petitioner
over 20 times to discuss his criminal proceedings, and had "spoken
on the telephone 36 times about [the criminal] case" with the
petitioner. Id. Evidence such as that, and many other instances
in the record, further question the validity of the petitioner's
conclusory allegations of ineffective assistance of counsel. Based
on the record, the petitioner has not satisfied his burden under
Strickland regarding the alleged Fourth Amendment violation.
Therefore, his objection is overruled.

B. Findings To Which Petitioner Did Not Object

The petitioner did not file objections to the magistrate
judges' remaining findings. Therefore, those findings will be
assessed under a clearly erroneous standard of review. Thus, the
findings of the magistrate judge will be upheld unless "the
reviewing court on the entire evidence is left with the definite
and firm conviction that a mistake has been committed." United
States Gypsum Co., 333 U.S. at 395. This Court will discuss those
claims in the following order: (1) ineffective assistance of
counsel regarding the petitioner's guilty plea; (2) due process
violations at sentencing regarding the right to face accusers and
to cross-examine the same; and (3) ineffective assistance of

counsel regarding the investigation of the petitioner's co-defendants and officers involved, failing to retain an expert witness as to the firearm, failing to cross-examine witnesses discussing the drug weights, and failing to object to the two-level enhancement for the contempt of court conviction.

1. <u>Ineffective Assistance of Counsel as to the Guilty Plea</u>

The petitioner argues that his prior counsel inadequately prepared him for his plea hearing. Further, the petitioner believes that his total advisory guideline level exceeded the level agreed to under his plea agreement in relation to his contingent appellate waiver and § 2255 waiver. Therefore, the petitioner believes that he unknowingly and involuntarily entered into his plea agreement.

After reviewing the record, this Court is not left with a "definite and firm conviction that a mistake has been committed" by the magistrate judge. The magistrate judge correctly points out that this Court asked the petitioner at his plea hearing if he believed that he "fully [understood] the consequences of entering a plea of guilty." The petitioner, under oath, responded "Yes, sir." That question followed an extensive hearing wherein the petitioner was asked about his understanding of those specific consequences, and whether his attorney competently and effectively explained his rights to him. ECF No. 699. "[I]n-court representations from the defendant are treated as conclusive with

16

regard to the validity of the plea and may not be controverted later absent some compelling reason[.]" Savino v. Murray, 82 F.3d 593, 603 (4th Cir. 1996). Here, the petitioner has not shown or articulated a compelling reason to treat his statements as inconclusive.

The petitioner also fails to satisfy the standard under Strickland, which has been articulated several times above. Other than his conclusory allegations, the petitioner does not show how his prior counsel was ineffective regarding his plea hearing and plea agreement. Indeed, his statements under oath contradict any such claim. As to the petitioner's contention about his total advisory guideline level, the plea agreement provided that the petitioner waived his appellate and § 2255 rights if his total advisory guideline level was thirty-eight or less. However, this Court determined that his total advisory guideline level was thirty-nine, which meant that the petitioner did not waive those rights. The record shows that the petitioner filed a direct appeal, following which the Fourth Circuit affirmed the rulings on the issues thereof. Therefore, the petitioner's argument concerning the total advisory guideline level determined by this Court has no merit. Accordingly, this Court finds no clear error in the magistrate judge's findings as to the above claims.

2. <u>Due Process Violations</u>

As to his due process violations, the petitioner believes that he was denied the right to face his accusers, cross-examine them, obtain witnesses in support of his claims, and challenge the evidence of his conviction. Those claims, as the magistrate correctly determined, lack any merit. The petitioner was asked the following questions at his plea hearing: (1) "And do you understand that if you [the petitioner] went to trial, you could confront the witnesses that came in to testify against you?"; (2) that petitioner's prior counsel "could cross-examine those witnesses"; (3) that petitioner's prior counsel "could also move to suppress any evidence that he felt had been improperly obtained against you [the petitioner]"; (4) that if the petitioner "went to trial, you could present evidence on your own behalf"; and (5) the petitioner's prior counsel "could ask the clerk to subpoena witnesses to come in and testify for you, if that was [the petitioner's] desire." This Court then asked the petitioner whether he understood that those were "all rights that [the petitioner gave] up by entering a plea of guilty[.]" ECF No. 669. The petitioner, while under oath, responded "Yes, sir" to each of the above-listed questions. Based on the record, the petitioner's conclusory assertions of due process violations clearly have no merit. In addition to the record discussed above, the petitioner has not provided any evidence or materials that would lead this

Court to find otherwise. Therefore, this Court finds that the magistrate judge's findings on the issue are not clearly erroneous.

### 3. <u>Remaining Ineffective Assistance of Counsel Claims</u>

The petitioner's remaining ineffective assistance of counsel claims concern his prior counsel's failure to (1) investigate the petitioner's co-defendants and officers, (2) obtain an expert witness as to the firearm, (3) cross-examine witnesses as to drug weights, and (4) object to the two-level enhancement from his contempt of court conviction.

This Court finds that the findings of the magistrate judge on the petitioner's remaining ineffective assistance of counsel claims lack clear error. The magistrate judge correctly found that the petitioner waived many rights upon entering his plea of guilty. Those rights included having his counsel call and cross-examine witnesses at trial. Moreover, that waiver and plea were, as discussed above, knowingly and voluntarily entered into by the petitioner. ECF No. 669. The petitioner merely accuses his prior counsel of failing to investigate the petitioner's co-defendants and related officers. He presents no evidence to substantiate his claim. Those accusations, without anything further, fail to satisfy the standard under <u>Strickland</u>, as previously set forth above.

The petitioner's claim concerning the two-level enhancement for his contempt of court conviction is equally lacking in merit. The petitioner's plea agreement explicitly states the following:

"The parties further agree that . . . a two level enhancement pursuant to U.S.S.G. §3C1.1 [regarding Obstruction of Justice] [is] appropriate . . . . The United States agrees to recommend a reduction for acceptance of responsibility even though [the petitioner] fled, since he is pleading to the contempt charge for that flight." ECF No. 593. The petitioner voluntarily and knowingly agreed to the terms of his plea agreement, including the two-level enhancement for his contempt of court conviction. The magistrate judge is correct in stating that the petitioner's prior counsel "cannot be found deficient for not objecting where there was no grounds to do so." This Court agrees. Because this Court is not left "with the definite and firm conviction that a mistake has been committed," the magistrate judge's findings as to the remaining ineffective assistance of counsel claims are not clearly erroneous.

C.  Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This memorandum opinion and order is a final order adverse to the applicant in a case in which 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability by this district court. The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate of appealability.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 755; Civil Action No. 5:14CV122 ECF No. 8) is AFFIRMED AND ADOPTED, and the petitioner's objections (ECF No. 768) are OVERRULED. Therefore, the petitioner's § 2255 motion (ECF No. 699; Civil Action No. 5:14CV122 ECF No. 1) is DENIED, and the petitioner is DENIED a certificate of appealability. Further, the petitioner's pending motion for a briefing schedule and extension of time to file a reply brief (ECF

No. 704) and motion for extension of time to file a response/reply (ECF No. 708) are both DENIED AS MOOT. Accordingly, the petitioner's claims are hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner by certified mail and to counsel of record herein. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    November 3, 2015


                        /s/ Frederick P. Stamp, Jr.
                        FREDERICK P. STAMP, JR.
                        UNITED STATES DISTRICT JUDGE